# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

### No. ACM S32564

―――――――――――――

### UNITED STATES
*Appellee*

**v.**

### Howard U. FREEMAN III
Airman First Class (E-3), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 6 September 2019

―――――――――――――

*Military Judge:* Matthew D. Talcott

*Approved sentence:* Bad-conduct discharge, confinement for 40 days, forfeiture of $1,287.00 pay per month for 1 month, reduction to E-1, and a reprimand. Sentence adjudged 7 December 2018 by SpCM convened at Nellis Air Force Base, Nevada.

*For Appellant:* Major Kevin R. Cayton, USAF; Captain David A. Schiavone, USAF.

*For Appellee:* Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

PER CURIAM:

Appellant was convicted, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of divers use of cocaine and one

specification of divers use of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[*]

A military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for 40 days, forfeiture of $1,287.00 pay per month for one month, reduction to the grade of E-1, and a reprimand. The adjudged confinement was below the PTA's confinement cap so the PTA did not affect the sentence that could be approved. The convening authority approved the sentence as adjudged.

## I. BACKGROUND

This case was submitted for our review on its merits without assignment of error. Upon our review, we find the forfeiture adjudged exceeded the maximum allowable forfeiture in a special court-martial. We reduce the adjudged forfeiture in our decretal paragraph.

## II. DISCUSSION

"Special courts-martial may, under such limitations as the President may prescribe, adjudge any punishment not forbidden by this chapter except . . . forfeiture of pay exceeding two-thirds pay per month . . . ." Article 19, UCMJ, 10 U.S.C. § 819. "Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." Rule for Courts-Martial (R.C.M.) 1003(b)(2). "If the sentence also includes reduction in grade, expressly or by operation of law, the maximum forfeiture shall be based on the grade to which the accused is reduced." *Id.*

Appellant was sentenced on 7 December 2018. Part of his sentence included reduction to the grade of E-1. As such, the maximum forfeiture of pay he could be adjudged was two-thirds forfeiture of pay at the reduced grade of E-1 expressed in a whole dollar amount. For calendar year 2018, this amount was $1,092.00 pay per month. In this case, the military judge imposed $1,287.00 pay per month for one month, in excess of the maximum forfeiture allowed under R.C.M. 1003(b)(2). It appears to us that the military judge imposed the maximum allowable forfeiture at Appellant's grade at the time of trial—E-3—rather than the reduced grade of E-1. To correct this error, which was not addressed during post-trial processing or on appeal, we reduce the forfeiture of pay to $1,092.00 pay per month for one month. *See United States v. Devlin*, No. ACM S31858, 2012 CCA LEXIS 892, at *4–5 (A.F. Ct. Crim. App. 11 Dec. 2012)

---

[*] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are found in the *Manual for Courts-Martial, United States* (2016 ed.).

(unpub. op.); *United States v. Deleo*, No. ACM S29585, 1998 CCA LEXIS 496, at \*2 (A.F. Ct. Crim. App. 23 Dec. 1998) (unpub. op.).

### III. CONCLUSION

The approved findings and only so much of the sentence as provides for a bad-conduct discharge, 40 days of confinement, forfeiture of $1,092.00 pay per month for one month, reduction to the grade of E-1, and a reprimand are **AF-FIRMED**. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court